UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Alison Gordon, et al.** | ) | **CASE NO. 5:09 CV 2687** |
| | ) | |
| **Appellants,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **David Wehrle, Liquidation Trustee,** | ) | |
| **Successor-In-Interest to Official** | ) | |
| **Committee of Unsecured Creditors,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Appellee.** | ) | |

**INTRODUCTION**

This matter is before the Court upon appellants' Motion for Rehearing and/or Reconsideration of Order Denying Admission of Dennis Grossman *Pro Hac Vice* (Doc. 10). This is an appeal from the Bankruptcy Court. For the following reasons, appellants' motion is DENIED.

**FACTS**

Appellants, siblings Alison Gordon and David Gordon (hereinafter "the Gordons"), bring this bankruptcy appeal against appellee, David Wehrle, Liquidation Trustee and successor in

interest to the Official Committee of Unsecured Creditors. Appellants appeal the Bankruptcy Court's denial of their claim. This bankruptcy appeal arises from the voluntary Chapter 11 filings of Darlington Nursing & Rehabilitation Center, Ltd. and Dani Family, Ltd.[1] Dennis Grossman (hereinafter "Grossman") represented the Gordons. Grossman, a member of the New York and Florida state bars, was admitted *pro hac vice* to the Bankruptcy Court in the Northern District Ohio pursuant to its Local Rule 2090-1. When the Gordons appealed the May 19, 2009 order of the Bankruptcy Court denying their motion to file a new claim ("the first appeal") Grossman applied for and was granted admission *pro hac vice* to this Court pursuant to Local Rule 83.5(h) for the purpose of representing the Gordons in their appeal. The Court affirmed the Bankruptcy Court's order on October 16, 2009.

The Bankruptcy Court held an evidentiary hearing on the merits of the Gordons' existing claim on June 30, 2009, and denied the claim on September 30, 2009. In the Bankruptcy Court's order, it invited appellee to pursue sanctions against Grossman and the Gordons for their conduct during the proceedings. Appellee filed a motion for sanctions and Grossman subsequently filed a motion to disqualify Judge Shea-Stonum from ruling on the motion and asked that the case be reassigned to a judge outside of the Northern District of Ohio. These motions are currently pending before the Bankruptcy Court.

The Gordons filed the instant appeal from the Bankruptcy Court's September 30 decision

---

[1] The Bankruptcy Court consolidated Darlington's case with the following voluntary Chapter 11 cases for administrative purposes: Royal Manor Management Inc., Willow Park Convalescent Home, Inc., Blossom Nursing & Rehabilitation Center, Inc., and AMDD, Inc. The following related entities also filed voluntary Chapter 11 petitions: Austinburg Properties, Ltd., Willow Interests, LLC, 138 Mazal Health Care, Ltd., Broadway Care Center of Maple Heights LLC, and Brian Family Ltd.

on November 17, 2009. Grossman moved for admission *pro hac vice* to represent the Gordons in this appeal, which appellee opposed. Appellee moved for sanctions against Grossman for the first appeal. The Court denied Grossman admission *pro hac vice* and appellee's motion for sanctions in its December 17, 2009 Memorandum of Opinion and Order (Doc. 9), in which additional facts are set forth. Appellants now move the Court to reconsider its order denying admission *pro hac vice*. Appellee opposes the motion and asks the Court to reconsider his motion for sanctions should the Court grant appellants' motion for reconsideration.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. "Instead, such motions, if served within ten days of entry of judgment, are considered motions to alter or amend judgments pursuant to [ ] Rule 59(e)." *Stubblefield v. Truck Stops Corp. of Am.*, 117 F.3d 1421 (6th Cir. 1997) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). "Generally, there are three major situations which justify a court reconsidering one of its orders: 1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice." *Hancor, Inc. v. Inter American Builders Agencies*, No. 3:97 CV 7540, 1998 WL 239283 at *1 (N.D. Ohio March 19, 1998) (citing *In re Continental Holdings, Inc.*, 170 B.R. 919, 939 (Bankr. N.D. Ohio 1994)). The ten-day filing period is jurisdictional in nature, and any motion to reconsider filed outside this time frame is of no effect. *Feathers v. Chevron, U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

A motion to reconsider filed more than ten days after the entry of judgment is treated as a motion for relief from judgment under Rule 60(b).

3

> The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion. A timely Rule 59 motion may be granted "for any of the reasons which rehearings have heretofore been granted in suits in equity in the courts of the United States." A Rule 60(b) motion, by contrast, may be granted only for certain specified reasons. . .

*Id.* Rule 60(b) provides that relief may be granted only for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud, misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Appellants filed their motion to reconsider on December 31, 2009, fourteen days after the Court entered its order, thus the Court considers the motion under Rule 60(b).[2]

**ANALYSIS**

Appellants argue that the Court should reconsider denying Grossman admission *pro hac vice* for the following reasons: the Bankruptcy Court's dividing line between "colloquy" and its rationale for denying appellants' motion to file a new claim at the May 12, 2009 hearing was

---

[2] The Court notes that Fed. R. Civ. P. 6(a), Computing Time, was amended effective December 1, 2009. The amendment provides that every day after the day of the triggering event is counted, including Saturdays, Sundays, and legal holidays.

4

unclear, thus Grossman's factual misstatements are a good-faith error and not an ethical violation; appellee's counsel has misrepresented the record more times and in more serious ways than Grossman and equal treatment should thus result in admission *pro hac vice* for Grossman; the Court has overlooked the prejudice that appellants will suffer; and the Court misinterpreted appellants' recusal motion and overlooked the factual support for that motion.

Appellee argues that denial of admission *pro hac vice* was justified, that Grossman's accusations that this Court misinterpreted and overlooked certain points in denying his motion demonstrate that Grossman does not have the respect for judges required for an attorney to practice in this judicial district, and that the order should be upheld notwithstanding any prejudice to appellants. Appellee further states that if the Court grants appellants' motion to reconsider, appellee moves the Court to reconsider appellee's motion for sanctions.

Upon review, the Court finds that appellants have not demonstrated a ground warranting relief from the order denying admission *pro hac vice* under Rule 60(b). Appellants do not allege any mistake, inadvertence, surprise, or excusable neglect not already considered by the Court. Appellants do not allege any previously undiscovered fraud, misrepresentation, or other misconduct of an adverse party, nor do they allege any newly discovered evidence. Appellants also do not allege that the Court's order is void. Appellants merely make slightly different arguments based on the same evidence available to appellants at the time the motion for admission *pro hac vice* was filed.

Appellants urge the Court to reconsider based on the allegedly extreme prejudice that appellants will suffer. Although appellants raised prejudice in their motion for admission *pro hac vice*, appellants allege that the degree of prejudice they will suffer only became clear to them

after the Court denied Grossman admission and they attempted to engage alternate counsel.  The Court will construe this claim as alleging that relief is justified under Rule 60(b)(6).  Such relief, however, "applies only in unusual and extreme situations where principles of equity mandate relief."  *McCurry v. Adventist Health System/Sunbelt, Inc.,* 298 F.3d 586, 595 (6th Cir. 2002).  Appellants argue that they are unable to engage an attorney at a reasonable cost as appellee's motions for sanctions have allegedly discouraged any qualified counsel from taking the case, and that the sizeable record below will be prohibitively costly for new counsel to review.  Upon review, the Court finds that responsibility for the unfortunate circumstances in which appellants now find themselves rests solely with their attorney, thus relief based on equity and fairness is not warranted in this situation.[3]  Accordingly, appellants' motion for reconsideration is denied.

**CONCLUSION**

For the foregoing reasons, appellants' Motion for Rehearing and/or Reconsideration of Order Denying Admission of Dennis Grossman *Pro Hac Vice* is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/14/10

---

[3] The Court notes appellants cite no law stating that potential prejudice to an attorney's client is grounds for granting admission *pro hac vice* when it would otherwise be denied based on the attorney's ethical violations, either in appellants' motion for admission *pro hac vice* or in the instant motion.  Thus, even under the lower standard of Rule 59, appellants have not stated grounds for relief.